[Crim. No. 3078.   Third Dist.   Sept. 23, 1960.]

In re MANUEL SMITH, on Habeas Corpus.

T. N. Petersen for Petitioner.

Stanley Mosk, Attorney General, Doris H. Maier and G. A. Strader, Deputy Attorneys General, for Respondent.

VAN DYKE, P. J.—This is a proceeding in habeas corpus. This court heretofore issued its writ. The matter has been heard and submitted for decision. Petitioner alleged that on February 20, 1959, he appeared without counsel in the Atwater Judicial District on a charge of driving an automobile while under the influence of intoxicating liquor, a charge commonly referred to as "drunk driving"; that he was not informed of the true nature of the charge against him; that he did not plead guilty to that charge, but notwithstanding the absence of arraignment and plea he was sentenced to pay a fine of $263, which fine he paid, was sentenced further to six months in the county jail, which sentence was suspended, and was placed on probation for two years. After the issuance of the writ herein, return was made thereto by the attorney general, wherein the allegations concerning want of arraignment and plea were denied. Depositions were taken by stipulation and

were filed herein and there was introduced in evidence the docket of the court.

The docket shows that petitioner was arrested and charged with drunk driving; that he was arraigned, informed of his rights and of the charge against him, and that he pleaded guilty thereto. In his deposition petitioner testified in support of the allegations of his petition. His testimony may be thus summarized: He had been driving his car and had parked it on the side of the highway after which he imbibed liquor and under its effect went to sleep; that he was awakened by an officer and arrested; that when he appeared before the court he was under the impression that he was charged with being drunk; that he was not informed otherwise by the court; that he was merely asked if he had been drinking and answered that he had; that he was then asked if he wanted a jury and he replied, ''What is the use, no use having a jury''; that nothing else was said and the judge began to sentence him; that he had never been asked whether he would plead guilty or not guilty; that when he heard the sentence which imposed a fine of $263, six months in jail, suspended, and two years probation, he nearly fainted, but said nothing and that he walked out; that he paid the fine, using cash bail he had deposited. It appears that later petitioner violated the terms of probation and suffered a modification involving incarceration for three months in the county jail. Thereafter he began this proceeding.

The People introduced in evidence the court record and the deposition of the court clerk. (The judge had died intermediate the court proceedings and the taking of depositions herein.) The court clerk testified that she had been present during the court proceedings; that she saw petitioner stand before the court and heard the court inform him of the charge against him, that is, drunk driving; that she heard the judge inform him of his rights and ask him for his plea and heard petitioner plead guilty to the charge of drunk driving.

While we have not attempted to state the evidence except in summary form, we are satisfied, and so hold, that the proceedings before the district judge were in all respects fair and regular; that petitioner knew the charge against him and that he pleaded guilty thereto.

It is ordered that the writ heretofore issued be discharged and that petitioner be remanded to serve the sentence imposed upon his having been found guilty of violation of probation.

Peek, J., and Schottky, J., concurred.